# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| GRACE C. STEPHENSON,<br><br>                       Plaintiff,<br><br>v.<br><br>CHILDREN'S HOSPITAL OF WISCONSIN INC. a/k/a CHILDREN'S HOSPITAL OF WISCONSIN,<br><br>                       Defendant. | Case No. 23-CV-1446-JPS<br><br>**ORDER** |

**1.     INTRODUCTION**

On October 30, 2023, pro se Plaintiff Grace C. Stephenson ("Plaintiff") sued Defendant Children's Hospital of Wisconsin Inc. a/k/a Children's Hospital of Wisconsin ("Defendant" or "Children's Hospital") ECF Nos. 1 (complaint), 4 (amended complaint).[1] Plaintiff also filed a motion, and later an amended motion, for leave to proceed in forma pauperis. ECF Nos. 2, 5.[2] That amended motion, and the screening of Plaintiff's amended pro se complaint, are now before the Court. For the reasons discussed herein, the Court will dismiss the case for lack of subject matter jurisdiction and will deny the amended motion for leave to proceed in forma pauperis as moot.

---

[1] The amended complaint, ECF No. 4, appears to be largely identical to the original complaint, ECF No. 1.

[2] The Court will deny the original motion for leave to proceed in forma pauperis, ECF No. 2, as moot in light of the filing of the amended motion, ECF No. 5.

## 2. MOTION TO PROCEED IN FORMA PAUPERIS

On the question of indigence, although Plaintiff need not show that she is totally destitute, *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980), the privilege of proceeding in forma pauperis "is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

In her amended motion, Plaintiff avers that she is unemployed and unmarried. ECF No. 5 at 1. With respect to dependents, she refers only to her deceased daughter, Christina H. Johnson ("Christina"), who suffered from "[c]ognitive [d]isab[ilities]" and was a "[h]eart [p]atient" at Children's Hospital. *Id.* Plaintiff attests that social security is her sole income, in the amount of $1,662.88 per month. *Id.* at 2. She pays roughly $400 per month in rent, roughly $360 per month in car payment on her 2013 Nissan Rogue (the value of which she estimates is $3,500), $100 per month in credit card payment, and over $1,000 per month in other miscellaneous costs including groceries, medical bills, and utilities. *Id.* at 2–3. She has $200 in savings and owns no property of value. *Id.* at 3–4.

The Court is satisfied that Plaintiff is indigent. However, the inquiry does not end there; the Court must also screen the complaint.

## 3. SCREENING

### 3.1 Standards

Notwithstanding the payment of any filing fee, the Court may screen a complaint and dismiss it or any portion thereof if it raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 320

F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. This is so even when the plaintiff has paid all fees for filing and service . . . ."); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants . . . regardless of fee status."). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule "requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States, ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).

"What is a short and plain statement depends, of course, on the circumstances of the case." *Mountain View Pharmacy v. Abbott Lab'ys*, 630 F.2d 1383, 1387 (10th Cir. 1980) (quoting Moore's Federal Practice § 8.13, 8–124, 125 (2d ed. 1979) and citing *Atwood v. Humble Oil & Refining Co.*, 243 F.2d 885, 889 (5th Cir. 1957)). And "undue length alone" may not necessarily warrant dismissal of an otherwise valid complaint. *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011). But rarely will this Court consider a lengthy pro se complaint "short and plain," unless it is clear and intelligible. *See Parker v. Learn the Skills Corp.*, No. 03-6936, 2004 U.S. Dist. LEXIS 21499, at *5 (E.D. Penn. Oct. 25, 2004) (80-page pro se complaint did

not comply with Rule 8); *Struggs v. Pfeiffer*, 2019 U.S. Dist. LEXIS 202582, 2019 WL 6211229, at *1–2 (E.D. Cal. Nov. 21, 2019) (dismissing 42-page complaint as noncompliant with Rule 8). And shorter complaints may still run afoul of the rule if they are rambling, repetitive, or confusing. *Stanard*, 658 F.3d at 798 ("[W]here the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy."). *See also Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, No. 13-CV-3106, 2017 U.S. Dist. LEXIS 198374, at * (26–27 (N.D. Ill. Dec. 1, 2017) ("While a minor amount of surplus material in a complaint is not enough to frustrate Rule 8's goals, unnecessary length coupled with repetitiveness, needless complexity, and immaterial allegations are grounds for dismissal.") (citing *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013)).

The complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cur. 2008)). However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d

574, 581 (7th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678) (internal bracketing omitted).

### 3.2 Plaintiff's Allegations

The factual allegations in Plaintiff's amended complaint are sparse, but the Court gleans the following, aided by the records attached to both Plaintiff's original and amended complaints, as well as other documents she has filed with the Court.[3] In 2020, Plaintiff's twenty-one-year-old daughter, Christina, was a patient at Children's Hospital for heart treatment. ECF Nos. 5 at 1; 4 at 5. Hospital records provide that Christina presented to Children's Hospital on March 3, 2020 for "pre-heart transplant evaluation" and underwent orthotopic heart transplantation on March 5, 2020. ECF No. 4-1 at 3. Complications ensued. *Id.* (noting, inter alia, hemorrhagic shock and trans-tentorial herniation). Two days after the surgery, Christina "succumbed to hypotension and shock . . . ." *Id.* She died on March 7, 2020. *Id.*

Plaintiff seeks damages, including for pain and suffering, and purports to sue under 42 U.S.C. Ch. 157 ("Quality, Affordable Health Care For All Americans") and 15 U.S.C. Ch. 47 ("Consumer Product Safety"). ECF No. 4 at 4, 7. She writes that her child, Christina, was not returned in "proper condition" by Defendant "during service/care" in violation of federal law. *Id.* at 4.

---

[3]*See McDonald v. Brown*, No. 03 C 4568, 2004 WL 2106604, at *2 (N.D. Ill. Sept. 17, 2004) ("[F]or a *pro se* plaintiff the court considers the allegations contained in all documents filed with the court.") (citing *Gutierrez v. Peters*, 111 F.3d 1364, 1367 & n.2 (7th Cir. 1997) and *Swofford v. Mandrell*, 969 F.2d 547, 549 (7th Cir. 1992)).

### 3.3 Analysis

Not including the instant case, Plaintiff has sued Defendant five times in the last six years over Christina's care.[4] On October 16, 2023, the Honorable Chief Judge Pamela Pepper dismissed one such recent case without prejudice for lack of subject matter jurisdiction, writing that the allegations in Plaintiff's complaint were insufficient "to demonstrate that the court has federal question jurisdiction." *Stephenson v. Children's Hosp. of Wis.*, 2:23-cv-00272-PP (E.D. Wis. Oct. 16, 2023), ECF No. 54 at 6. Plaintiff had similarly alleged in that case that "the medical professionals involved in" Christina's care at Children's Hospital committed negligence resulting in Christina's death. *Id.*, ECF No. 1 at 2–4.

The day after that dismissal, Plaintiff re-filed her case. *See Stephenson v. Children's Hosp. of Wis. Inc.*, 2:23-cv-01384-PP (E.D. Wis. Oct. 17, 2023). Judge Pepper again dismissed the case without prejudice for lack of subject matter jurisdiction. *Id.*, ECF No. 15. Judge Pepper noted that, at first, Plaintiff had checked the box in the complaint form indicating that she was "suing under state law," but that she later followed up by letter stating "jurisdiction change from under state law <u>to Federal law.</u>" *Id.* at 5–6. Nevertheless, Judge Pepper again concluded that, notwithstanding Plaintiff's bare invocation of 28 U.S.C. § 1331, the facts alleged did not involve federal claims. *Id.* at 6–7.

---

[4]*See Stephenson v. Children's Hosp. of Wis.*, 2:23-cv-272-PP (E.D. Wis. Feb. 28, 2023); *Stephenson v. Children's Hosp. of Wis. Inc.*, 2:23-cv-1384-PP (E.D. Wis. Oct. 17, 2023); *Stephenson Johnson v. Children's Hosp. of Wis.*, 2:17:cv-942-JPS (E.D. Wis. July 11, 2017); *Stephenson Johnson v. Children's Hosp. of Wis. Org. et al.*, 2:18-cv-51-LA (E.D. Wis. Jan. 9, 2018); *Stephenson Johnson v. Childrens Hosp. of Wis.*, 2:18-cv-117-LA (E.D. Wis. Jan. 23, 2018).

Mere days after that dismissal on October 27, 2023, Plaintiff filed the instant case. She has clearly attempted to correct the errors identified by Judge Pepper in her previous cases; for example, this time Plaintiff made sure to select that she was "suing for a violation of federal law under 28 U.S.C. § 1331" and expressly provides two pieces of federal law under which she purports to sue. ECF No. 1 at 5, 9 (citing 42 U.S.C. Ch. 157 and 15 U.S.C. Ch. 47). Unfortunately, however, Plaintiff's case remains subject to dismissal for lack of subject matter jurisdiction.

The facts that Plaintiff alleges again fail to implicate federal question jurisdiction,[5] and the federal statutory chapters to which Plaintiff cites are inapplicable to this case. One, the Affordable Care Act, relates to healthcare insurance coverage. *See generally* 42 U.S.C. Ch. 157. The other, entitled "Consumer Product Safety," relates to consumer-product related injury, with consumer product defined as "an[] article, or component part thereof, produced or distributed . . . for sale [or for personal use] to a consumer for use in . . . a . . . household or residence, a school, in recreation, or otherwise." 42 U.S.C. Ch. 47, §§ 2051, 2052(a)(5). The former statutory chapter does not even provide for a private cause of action—in other words, it is not a body of law under which an individual person such as Plaintiff can sue.

4.  **CONCLUSION**

In light of the foregoing, the Court is constrained to dismiss this case and deny as moot Plaintiff's amended motion for leave to proceed in forma pauperis. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time

---

[5]Nor can Plaintiff benefit from diversity jurisdiction, because the parties are citizens of the same state. *See* 28 U.S.C. § 1332(a)(1); ECF No. 1 at 1–2; *Stephenson v. Children's Hosp. of Wis. Inc.,* 2:23-cv-01384-PP (E.D. Wis. Oct. 27, 2023), ECF No. 15 at 6.

that it lacks subject-matter jurisdiction, the court must dismiss the action."). The Court extends its sincere condolences to Plaintiff regarding Christina's death. Nevertheless, and as Judge Pepper previously noted, Plaintiff's case is not appropriate for the federal forum. *Stephenson v. Children's Hosp. of Wis. Inc.*, 2:23-cv-01384-PP (E.D. Wis. Oct. 27, 2023), ECF No. 15 at 6–7 ("[A]lthough the court empathizes with the plaintiff and cannot imagine her suffering, the court does not have the authority to decide the plaintiff's claims . . . . A state court, like the Milwaukee County Circuit Court, *does* have the authority to decide the plaintiff's claims.").

Plaintiff should refrain from attempting to re-file this case in federal court. Should she again attempt to re-file matters that are duplicative of those already dismissed several times for lack of subject matter jurisdiction, she may run the risk of having a filing bar imposed against her. *See in re Chapman*, 328 F.3d 903, 905 (7th Cir. 2003).

Accordingly,

**IT IS ORDERED** that Plaintiff Grace C. Stephenson's motion for leave to proceed in forma pauperis, ECF No. 2, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff's Grace C. Stephenson's amended motion for leave to proceed in forma pauperis, ECF No. 5, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED without prejudice** for lack of subject matter jurisdiction.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 13th day of November, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.